Kilty, C. J.,
delivered the opinion of the Court. The injunction in this case, is applied for on the ground that equity requires that the creditors of an insolvent should equally share his effects. It is an application to dispense with a rule of law, because that rule is inequitable in itself, and not because this particular case has any peculiar circumstances which take it out of the general rule. That a law is in itself inequitable in every possible case, or in its general application, will not justify the Court in dispensing with it. This would be to usurp legislative power. Where it is necessary for a person to apply to a court of equity to obtain a remedy which he could not have at law, the court will compel him to do equity before they will grant him the relief he asks. Upon this principle, it is, that when a creditor claims equitable assets, they will allow him only an equal share with those who have equal equity. But where a creditor gains a legal advantage, the court will not restrain him, unless for the purpose of carrying into effect its own decree — its own decree already passed, not that which it may hereafter make.
The same law which gives a priority to creditors of a particu *257 lar class, (for instance, bond-creditors,) makes it necessary, in case of a deficiency of assets, that a priority should exist between-creditors in equal degree ; otherwise the administrator would not be able to protect himself against them all, by paying some, and pleading plene admmistravit as to the residue. Priority of payment follows priority of judgment; and even if an administrator could not confess a judgment, there would still exist a priority, because the judgments could not be rendered at the same moment. Some creditors would gain a priority by diligence, and others by the greater ease in establishing their claims. It is, therefore, clear, that there is, at law, a priority, or at least the legal means of obtaining a priority, among claims in equal degree, as well as among claims of different degrees. The principle upon which the injunction is claimed, applies as strongly to reduce to a level claims of different degrees, as claims of the same degree. The rule of law is as strong in favor of the one priority as of the other.
The question then recurs, -whether this Court can set up the general inequitable nature of the law, as (in itself) a ground of equitable relief ? We are clear that it cannot. That it would be an usurpation of legislative, and not an exercise of judicial powers. The injunction, therefore, cannot be granted.